O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KGM INDUSTRIES CO., INC., a California corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>YIGAL COHEN HAREL, an individual; INTEGRAL LOGISTICS, LLC, a Florida limited liability company,<br><br>            Defendants. | Case No. CV 12-03209 DDP (JEMx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt. No. 16] |

    Presently before the court is Defendant Yigal Cohen Harel ("Harel")'s Motion to Dismiss for Lack of Jurisdiction. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.   Background**

    Plaintiff manufactures and distributes lighters and related products. (Complaint ¶ 6.) Defendant Harel, a Florida resident, owns United States Design Patent numbers D498,328 and D501,274 (Compl. ¶ 7, Exs. 1-2; Declaration of Yigal Cohen Harel in Support of Motion ¶ 5.) Defendant Integral Logistics, LLC ("Integral") is

a non-exclusive licensee of Harel's patents. (Harel Dec. ¶ 7.)

On March 30, 2012, Harel's counsel sent Plaintiff a letter claiming that Plaintiff sells lighter and lighter inserts that infringe upon Harel's patents. (Compl., Ex. 3.) Plaintiff filed this action on April 12, 2012, seeking a declaratory judgment that its products do not infringe upon Harel's patents and that Harel's patents are invalid. Harel now moves to dismiss the complaint for lack of personal jurisdiction.

**II. Legal Standard**

In a patent case, Federal Circuit law determines whether this court may exercise personal jurisdiction over a defendants. <u>Akro Corp. v. Luker</u>, 45 F.3d 1541, 1543 (Fed. Cir. 1995). The personal jurisdiction analysis under California's long-arm statute, which applies here, and federal law are the same. <u>Nuance Commc'ns, Inc. v. Abby Software House</u>, 626 F.3d 1222, 1230 (Fed. Cir. 2010).

A court may only exercise personal jurisdiction over a foreign defendant if the defendant has sufficient minimum contacts with the forum to satisfy due process concerns. <u>Int'l Shoe v. Washington</u>, 326 U.S. 310, 316 (1945). Jurisdiction may be general or specific. <u>Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.</u>, 552 F.3d 1324, 1330 (Fed. Cir. 2008). To show that general jurisdiction is proper, a plaintiff must demonstrate that the defendant maintains continuous and systematic contacts with the forum state. <u>Id.</u> To establish specific jurisdiction, a plaintiff need only show that a defendant has purposefully directed his activities at forum residents and that the injuries alleged arise from or relate to those activities. <u>Id.</u> Under Federal Circuit law, a defendant may then show some compelling reason why the exercise of personal

2

jurisdiction would be unreasonable. <u>Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.</u>, 444 F.3d 1356, 1363 (Fed. Cir. 2006).

**III. Discussion**

    A.   General Jurisdiction

    KGM argues that this court has general jurisdiction over Harel under a "stream of commerce" theory. (Opp. at 8.) Stream of commerce theory jurisprudence is unsettled. <u>AFTG-TG,LLC v. Nuvoton Tech. Corp.</u>, 689 F.3d 1358, 1362 (Fed. Cir. 2012). One strand of the theory posits that, in the jurisdictional context, due process is satisfied where a defendant places a product in the stream of commerce with the knowledge that the product is being marketed in the forum state. <u>Id.</u>, (citing <u>Asahi v. Metal Ind. Co. v. Superior Court of California, Solano County</u>, 480 U.S. 102, 107 (1987)). A competing formulation of the theory counsels that placement of a product into the stream of commerce, without "something more," is insufficient to establish the minimum contacts necessary to satisfy due process. <u>Id.</u> Under Federal Circuit law, a court must decide whether the facts of a given case support the exercise of personal jurisdiction on a case-by-case basis, and should not specifically apply either of the competing formulations of the stream of commerce doctrine where the result is clear under either interpretation. <u>Id.</u> at 1364.

    Under the facts of this case, there is no general jurisdiction over Harel. There is no allegation or evidence that Harel individually placed anything in the stream of commerce. Indeed, KGM acknowledges that only Integral, not Harel, markets and sells

products in California.[1]  (Opp. at 7.)  To the extent KGM suggests that the licenses Harel granted to Integral are products in the stream of commerce, KGM is mistaken.  At best, Harel's "product" is a covenant not to sue, which never itself enters the stream of commerce.  <u>Red Wing Shoe Co., Inc. V. Hockerson-Halberstadt, Inc.</u>, 148 F.3d 1355, 1362 (Fed. Cir. 1998).

   KGM appears to suggest that Integral's activities should be imputed to Harel because Harel receives royalties from Integral's sales in California (Opp. at 7.)  Nowhere does KGM cite any authority for this proposition.  To the contrary, in the absence of any constitutionally cognizable contacts with California, Harel's "receipt of royalty income from [his] licensees . . . is . . . irrelevant."  <u>Red Wing Shoe</u>, 148 F.3d at 1361.

   KGM further asserts, without authority, that Harel is responsible for Integral's actions as Integral's majority owner and licensor of the patents-in-suit.  KGM is mistaken.  First, simply granting a license to an entity that does business in a particular forum is not equivalent to doing business in that forum, and is therefore insufficient to subject a licensor to personal jurisdiction.  <u>Id.</u>  Second, the "mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law."[2]  <u>Katzir's Floor and Home Design, Inc. v. M-MLS.com</u>, 394 F.3d 1143, 1149 (9th Cir. 2004).

---

[1] The court notes that KGM's opposition interweaves and conflates arguments regarding the stream of commerce theory of general jurisdiction (Opp. at 7-9) with arguments regarding specific jurisdiction (Opp. at 9-10.).

[2] KGM has not alleged that Integral is an alter ego of Harel.

4

1      Absent any indication that Harel had systematic contacts with
2 California or placed any product in the stream of commerce with the
3 knowledge that that product would be sold in California, there is
4 no general jurisdiction over Harel.
5      B.   Specific Jurisdiction
6      Courts apply a three-prong test when determining whether
7 specific jurisdiction exists over a defendant.  <u>Avocent</u>, 552 F.3d
8 at 1332.  Courts look to whether "(1) the defendant purposefully
9 directed its activities at residents of the forum, (2) the claim
10 arises out of or relates to those activities, and (3) assertion of
11 personal jurisdiction is reasonable and fair."  <u>Id.</u>
12     As in its arguments regarding the stream of commerce theory,
13 KGM consistently and repeatedly conflates Integral's activities
14 with Harel's.  (See, e.g. Opp. at 15 ("Harel and his company
15 employed a sales agent in the state of California . . . .").)  As
16 discussed above, the granting of a license is insufficient to hold
17 a patent owner liable for the actions of a licensee.  Furthermore,
18 evidence of sales of a product covered by a relevant patent is
19 insufficient to confer specific jurisdiction over a patent holder
20 who merely receives royalty income.  <u>Avocent</u>, 55 F.3d at 1336.
21     KGM further argues that Harel purposefully directed contact
22 with California residents by sending a cease and desist letter to
23 KGM.  (Opp. at 14.)  As KGM appears to recognize, however, a
24 patentee does "not subject itself to personal jurisdiction in a
25 forum solely by informing a party who happens to be located there
26 of suspected infringement."  <u>Avocent</u>, 552 F.3d at 1333.  A
27 defendant must undertake "other activities directed at the forum
28 and related to the cause of action besides the letters threatening

5

an infringement suit." Id. (internal quotation and emphasis omitted). Aside from his licensing arrangements with Integral, KGM identifies no "other activities" that Harel individually directed to California. Other activities generally must relate to the enforcement or defense of a patent, and may include exclusive licensing agreements with parties residing or doing business with a forum. Id. at 1334. Here, however, there is no evidence or allegation that Integral is an exclusive licensee. (See also Harel Dec. ¶ 7 ("Integral is currently a non-exclusive licensee . . . .").) KGM has failed to demonstrate that Harel individually directed activities toward residents of California sufficient to justify the exercise of specific jurisdiction over Harel.

    C.   Whether Harel Is An Indispensable Party

A party is necessary if 1) the court cannot grant complete relief in the absence of that party or 2) the party has an interest in the subject of the action and resolution of the action without that party would either prejudice the absent party or expose an existing party to the risk of inconsistent obligations. Fed. R. Civ. P. 19(a). Generally, patentees in a declaratory judgment action are necessary parties. A123 Sys., Inc. v. Hydro-Quebec, 626 F.3d 1213, 1217 (Fed. Cir. 2010). Harel is, therefore, a necessary party.

As discussed above, this court lacks personal jurisdiction over Harel. Where, as here, a necessary party cannot be joined, the court must determine whether that party is indispensable, and whether "in equity and good conscience," the action should be dismissed. Id. at 1220, Fed. R. Civ. P. 19(b). Because the issue of joiner is not unique to patent law, regional circuit law

applies. A123, 626 F.3d at 1220. The court must consider (1) the extent to which a judgment rendered in a necessary party's absence might prejudice that party or the other parties, (2) the extent to which the court could lessen or avoid any prejudice, (3) whether a judgment rendered without the absent necessary party would be adequate, and (4) whether the plaintiff has some other adequate remedy. Fed. R. Civ. P. 19(b); see also Paiute-Shoshone Indians of Bishop Cmty. Colony v. City of Los Angeles, 637 F.3d 993, 1000 (9th Cir. 2011). The court must make a "practical examination of the circumstances to determine whether an action may proceed." Paiute-Shoshone, 637 F.3d at 1000.

Here, Harel would be greatly prejudiced by a judgment rendered in his absence. Harel is the holder of the patents at issue, and has granted only a non-exclusive license to Integral.[3] Were KGM to prevail, there does not appear to be any way that this court could tailor the relief sought so as to minimize the prejudice to Harel resulting from the invalidation of his design patents. While a judgment in this court would certainly be adequate, KGM also has adequate remedies elsewhere, such as Harel's home state of Florida. Thus, a balancing of the relevant factors compels the conclusion that this action cannot, in equity and good conscience, proceed without Harel, the holder of the patents currently in dispute. Accordingly, this action should be dismissed.

///

///

---

[3] In addition to the legal distinction between Harel and Integral, described above, Harel argues that, contrary to KGM's assertion, he is neither the majority owner nor controlling director of Integral. (Harel Reply Dec. ¶ 3.)

**IV.  Conclusion**

For the reasons stated above, Defendant Harel's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated: October 30, 2012

DEAN D. PREGERSON
United States District Judge